**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aaron Michael Wright,<br><br>    Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>    Plaintiff/Respondent.<br>_____ | CR  09-00241 PHX NVW<br>CIV 11-01857 PHX NVW(MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE NEIL V. WAKE:**

On September 21, 2011, Mr. Aaron Wright("Movant"), who is currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky, filed a pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, regarding a criminal conviction and sentence entered by the Court. Respondent filed a response to Movant's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on October 4, 2011. See Civil Doc. 6 ("Response"). Movant filed a reply to the response on October 24, 2011. See Doc. 14.

**I  Procedural History**

Federal law enforcement agents executed a search warrant on Movant's residence on May 22, 2008, a date Movant was not at home. See Response, Exh. 1. The search was pursuant to an investigation of individuals utilizing the Internet to engage in "peer to peer" ("P2P") sharing of child pornography. Id. at

1-2. Child pornography was ultimately found on computer disks belonging to Movant which were taken from his bedroom in the residence during the execution of the search warrant. The video files charged in Counts 3 and 4 of the indictment were found on these disk(s). Id. at 2.

The FBI contacted Movant at his residence when he returned to Arizona on May 26, 2008. Id. The agents provided Movant with a copy of the search warrant that they used to search the residence and provided him with a receipt of the items taken during the search. Id., Exh. 3 at 34 & Exh. 6. During the meeting with the FBI, Movant voluntarily spoke to the agents and answered their questions. Id., Exh. 6. Movant admitted to downloading child pornography and using "Limewire" and sharing images with other people. Id., Exh. 3. Movant also stated that he had burned images that had been uploaded to his computer by other users of a peer-to-peer file sharing program to computer disks to free hard-drive space on his laptop. Id., Exh. 3 at 34-35.

At the time of the interview, Movant provided written consent to the FBI agents to seize and search his laptop computer. Id., Exh. 2. On May 27, 2008, an FBI Special Agent obtained a search warrant for the laptop computer from a Magistrate Judge. Id., Exh. 3. The video file referenced in Count 5 of the indictment was found on Movant's laptop computer. Id., Exh. 3.

A forensic evaluation of the disks and other loose media seized during the execution of the first search warrant revealed that the Movant had 1,128 images of suspected child

pornography and 59 video files containing suspected child pornography. The computer forensic evaluation also determined that Movant had been searching for and downloading child pornography for over a year and that he searched for child pornography on twenty different dates. Id. at 2.

Defense counsel met with the government to review this evidence. Defense counsel ultimately hired an independent forensic expert, Ms. Loehrs, to evaluate the evidence. Id. at 3. Ms. Loehrs prepared a written report on October 22, 2009, prior to the date Movant pled guilty. Id.

On November 16, 2009, Movant pled guilty to Count 5 of the indictment, i.e., possession of child pornography, a Class C felony offense. Id., Exh. 4. Pursuant to a Rule 11(c)(1)(C) plea agreement, both parties agreed that Movant's term of imprisonment would be not less than 60 months but not greater than 90 months. See Criminal Doc. 76. In return for the guilty plea, the government dismissed Counts 1 through 4 of the indictment, i.e., two counts of distribution of child pornography, and two counts of possession of child pornography. Id.; Response, Exh. 5 at 72.

During the plea colloquy, Movant was advised of his constitutional rights. Response, Exh. 4. Movant agreed to waive these rights. Movant expressly waived his right to take a direct appeal of his conviction and sentence and his right to file a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, provided he was sentenced in accordance with the plea agreement. Id., Exh. 4 at 10. See also Criminal Doc. 76.

-3-

At the time of his plea colloquy Movant was also advised that, by pleading guilty pursuant to the plea agreement, he was giving up his right to appeal or collaterally attack the judgement.

> THE COURT: The plea agreement also provides that you are giving up your right to appeal and your right to collaterally attack the judgment and the sentence that will be imposed against you if the sentence is within the terms of the plea agreement. That means you cannot in the future attack the validity or correctness of this conviction or sentence in another court. Do you understand?
> THE DEFENDANT: I understand, Your Honor.

Response, Exh. 4 at 10.

During the change of plea hearing, Movant also averred that he was satisfied with his lawyer's representation:,

> THE COURT: Mr. Wright, have you had an opportunity to thoroughly discuss your case with your lawyer?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Are you satisfied with your lawyer's representation in this case?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Is there anything you think your lawyer should do that she has not done?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Is there anything you want her to do that she has not done?
> THE DEFENDANT: No, Your Honor.

Id., Exh. 4 at 6.

Prior to sentencing, Movant's counsel filed objections to sentencing enhancements recommended in the presentence report. See Criminal Docs. 57 & 63. The Court determined that the applicable sentencing guideline range was 97 to 121 months. Response, Exh. 5 at 18-19. The plea agreement specified a sentence of no more than 90 months. The government requested that Movant be sentenced to 90 months, which required a

one-level downward departure from the guideline range. The Court opted to depart downward four levels, to reach a 66 month sentence. On April 4, 2010, Movant was sentenced to 66 months in prison followed by lifetime supervised release. Id., Exh. 4 at 56-62. Because Movant was sentenced in accordance with the plea agreement, the government moved to dismiss Counts 1 through 4 of the indictment, which motion was granted. Id., Exh. 4 at 72

In his section 2255 motion Movant asserts he was denied the effective assistance of counsel. Movant alleges his defense counsel did not properly investigate his case, that counsel failed to file various motions to suppress the evidence against Movant, and that counsel did not force compliance with the Speedy Trial Act.

**II Analysis**

Respondent asserts that this section 2255 action must be dismissed because Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement. The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement. The sentence imposed on Movant was consistent with the terms of the plea agreement. Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action, his section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the Movant waived his right to directly appeal or collaterally attack his conviction and sentence in a plea agreement), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

A defendant's waiver of his right to a direct appeal and a section 2255 action is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and the waiver is knowingly and voluntarily made. See United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005). However, a plea agreement which waives the Movant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005). See also United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in the agreement, but only if the agreement was involuntary or unknowing. See Washington, 422 F.3d at 870-71; United States v. Cockerham, 237

F.3d 1179, 1182 (10th Cir. 2001); <u>Bridgeman v. United States</u>, 229 F.3d 589, 591 (7th Cir. 2000).

In <u>Cockerham</u> the Tenth Circuit Court of Appeals held that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance1 of counsel claims challenging the validity of the plea or the waiver." 237 F.3d at 1187. <u>See</u> also <u>Washington</u>, 422 F.3d at 870-71; <u>DeRoo v. United States</u>, 223 F.3d 919, 924 (8th Cir. 2000) ("A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel.").

Movant does not argue that his counsel's alleged failures resulted in Movant unknowingly or involuntarily signing a plea agreement. Movant's allegation that, had his counsel adequately investigated his case and pressed what Movant asserts is "evidence" of his innocence, he would not have entered into a plea, is contradicted by Movant's statements during his plea and sentencing hearings.

Movant's contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. <u>See</u> <u>United States v. Mims</u>, 928 F.2d 310, 313 (9th Cir. 1991); <u>United States v. Walker</u>, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a Movant to [the] consequences

-7-

[of a plea agreement]."). Because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

**III Conclusion**

Because the waiver of his right to collaterally attack his sentence in the written plea agreement was not unknowing or involuntary, the Court may dismiss Movant's claims as waived.

**IT IS THEREFORE RECOMMENDED** that Mr. Wright's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 3rd day of November, 2011.

_____
Mark E. Aspey
United States Magistrate Judge

-9-