IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Michael Wright, | No. CR 09-00241-PHX-NVW |
| Defendant/Movant, | No. CV 11-01857-PHX-NVW |
| vs. | **ORDER** |
| United States of America, | |
| Plaintiff/Respondent. | |

Before the Court is Defendant's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1), the government's Response (Doc. 6), and Defendant's Reply (Doc. 14). On November 4, 2011, United States Magistrate Judge Aspey issued a Report and Recommendation ("R&R") (Doc. 15) recommending that Defendant's Motion to Vacate, Set Aside or Correct Sentence be denied and dismissed. No objections were filed to the R&R.

Because the parties did not file objections to the R&R, the Court need not review any of the Magistrate Judge's determinations on dispositive matters. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."). The absence of a timely objection also means that error may not be assigned on appeal to any defect in the rulings of the Magistrate Judge on any non-dispositive matters. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 10 days after being served with a copy [of the magistrate's order]. A party may not assign as error a defect in the order not timely

objected to."); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *Philipps v. GMC*, 289 F.3d 1117, 1120-21 (9th Cir. 2002).

Notwithstanding the absence of an objection, the Court has reviewed the R&R and agrees with the Magistrate Judge's determinations. Accordingly, the Court will accept the R&R and dismiss the Motion to Vacate, Set Aside or Correct Sentence. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

Defendant also filed a "Motion to Receive Transcripts at Court Costs with an Affidavit of Indigency" [sic] (Doc. 16) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 17) on December 1, 2011. Because the Court will accept the R&R and dismiss Defendant's case, these motions will be denied as moot. However, the Court also notes that Defendant's prisoner trust fund account (Doc. 18) has a sufficient balance to pay for the transcript of his sentencing hearing. In any event, the transcript would not avoid denial of Defendant's Motion.

IT IS THEREFORE ORDERED accepting the Report and Recommendation of Magistrate Judge Aspey (Doc. 15).

IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. Section 2255 (Doc. 1) is denied and dismissed with prejudice.

IT IS FURTHER ORDERED that Defendant's "Motion to Receive Transcripts at Court Costs with an Affidavit of Indigency" (Doc. 16) and Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 17) are denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly and terminate this action.

DATED this 2nd day of December, 2011.

_____
Neil V. Wake
United States District Judge